# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **KHIKMATILLO NOSIROV,** )<br>)<br>    **Petitioner,** )<br>)<br>**v.** )<br>)<br>**CHRIS GANTT, Warden,[1] et al.,** )<br>)<br>    **Respondents.** ) | **Case No. CIV-26-1036-J** |

## REPORT AND RECOMMENDATION

Petitioner Khikmatillo Nosirov, a noncitizen[2] and Uzbekstani national proceeding with counsel,[3] filed a Petition for Writ of Habeas Corpus, Doc. 1, challenging under 28 U.S.C. § 2241 his detention by U.S. Immigration and Customs Enforcement ("ICE"). United States District Judge Bernard M. Jones, II referred this matter to the undersigned Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C). Doc. 3. The undersigned set an expedited briefing schedule, Doc. 6, and the Petition is at issue. For the reasons set forth below, the undersigned recommends the Court grant the Petition, Doc. 1,

---

[1] Chris Gantt was announced as Warden of Cimarron Correctional Facility in May 2026. He replaces Scarlet Grant and is substituted as the proper respondent pursuant to Federal Rule of Civil Procedure 25(d).

[2] Unless quoting, this Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

[3] Petitioner filed his Petition pro se, but counsel subsequently entered an appearance on his behalf, Doc. 9, after Respondents filed their Response.

in part and order Respondents to release Petitioner immediately subject to an appropriate order of supervision.

## I.      Background

Petitioner, a citizen of Uzbekistan, entered the United States near Calexico, California, on December 2, 2022.  Doc. 8-1 at 1 (Notice to Appear).[4]  Upon entry, he "surrendered himself to CBP," apparently seeking asylum.  Pet. at 6; *see also* Doc. 8-5 at 1 (Application for Asylum) (indicating Petitioner entered the United States at San Diego on December 10, 2022, as an "asylum seeker").  On December 10, 2022, ICE charged Petitioner with being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(1) and placed him into removal proceedings before the Immigration Court pursuant to 8 U.S.C. § 1229a through a Notice to Appear.  Doc. 8-1 at 1.  On December 10, 2022, Petitioner was released on his own recognizance.  Pet. at 6; Doc. 8-2 at 1 (Order of Release on Recognizance).

On March 30, 2023, an Immigration Judge ("IJ") ordered Petitioner removed to Uzbekistan because he failed to appear at his removal proceeding.  Doc. 8-3 at 2 (Order of Removal).  However, on June 1, 2023, the IJ reopened Petitioner's removal proceedings.  Doc. 8-4 at 1.  On July 5, 2023, Petitioner filed an application for asylum.  Doc. 8-6 at 1.

On April 27, 2026, ICE detained Petitioner.  Pet. at 2; Doc. 8 at 5 (Response).  The circumstances of his detention are disputed.  Petitioner alleges he "was stopped for a 'routine inspection' and then was picked up by ICE without any traffic violation."  Pet. at 6.  He alleges ICE detained him "without a warrant."  *Id.* at 2.  Respondents have provided

---

[4] Page citations reference the Court's electronic case filing pagination.

documentation from the Oklahoma Highway Patrol ("OHP") indicating an OHP trooper cited Petitioner for failure to stop at a red light.  Doc. 8-6 at 1 (Oklahoma Uniform Violations Complaint).  While issuing the citation, the OHP trooper contacted ICE about Petitioner, and ICE issued an "immigration hold." *Id.* at 2.  Respondents claim "[w]hen Petitioner was detained by ICE in 2026, a warrant was also done."  Resp. at 5 n.6.  However, the record does not contain a copy of any such warrant.

Sometime after he was detained by OHP, Petitioner was transferred into ICE custody.  *Id.* at 5.  Petitioner does not appear to have requested a bond hearing before an Immigration Judge ("IJ").  *See* Pet. at 2 (responding "No" to the question "Did you appeal the decision, file a grievance, or seek an administrative remedy?").  However, any such request would have been futile, because all IJs are subject to the binding precedent of *Matter of Yajure Hurtado*, 29 I & N Dec. 216 (BIA 2025), which holds that those who entered the country without admission or parole are ineligible for a bond hearing.

On June 22, 2026, an IJ ordered Petitioner removed.  *See* EOIR, Automated Case Information, *at* https://acis.eoir.justice.gov/en/ (last accessed July 27, 2026).  However, Petitioner appealed this decision on July 14, 2026, and the appeal remains pending.  *Id.* Therefore, the removal order is not yet final under 8 C.F.R. § 1241.1.

When Petitioner filed his Petition, he was detained at Cimarron Correctional Facility in Cushing, Oklahoma.  Pet. at 1.  He remains detained there.  *See* ICE Online Detainee Locator System, *at* https://locator.ice.gov/odls/#/results (last visited July 27, 2026).

## II.    Petitioner's Claims

Petitioner asserts three counts in his Petition:

- **Count I: Unlawful Immigration Detention Without Legal Justification.**  Petitioner alleges his arrest and detention without a warrant violate his Fifth Amendment due process rights, the Immigration and Nationality Act ("INA"), and the Administrative Procedures Act ("APA").  Pet. at 6.

- **Count II: Unlawful Immigration Detention in Violation of Due Process and ICE Regulations**.  Petitioner alleges his re-detention without prior notice or a bond hearing violates his due process rights and 8 C.F.R. §§ 241.4 and 241.13.  Pet. at 6.

- **Count III**:  **Detention Without a Bond Hearing.**  Petitioner alleges his continued detention without a bond hearing at which the government bears the burden of proving he is a flight risk or danger to the community violates his due process rights and 8 U.S.C. § 1226.  Pet. at 6.

He asks the Court to "[o]rder [his] immediate release on [an] appropriate order of supervision," or alternatively, to order a bond hearing "where ICE would bear the burden of proof."  *Id*. at 7.

## III.   Standard of Review

To obtain habeas corpus relief, Petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States."   28 U.S.C. § 2241(c)(3).  "Challenges to immigration detention are properly brought directly through habeas."  *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

## IV.   Analysis

### A.   Section 1226(a) applies to Petitioner's detention.

The two sections of the INA at issue that govern detention of noncitizens pending removal proceedings are 8 U.S.C. §§ 1225 and 1226.  Section 1225(a)(1) describes an "applicant for admission" as "an alien present in the United States who has not been

4

admitted or who arrives in the United States." *Id.* § 1225(a)(1) (citation modified).  Under

§ 1225(b)(2)(A), "if the examining immigration officer determines that an alien seeking

admission is not clearly and beyond a doubt entitled to be admitted," applicants for

admission "shall be detained."  If Petitioner is detained under § 1225(b)(2)(A), he is not

entitled to a bond hearing.  On the other hand, Section 1226(a) more generally authorizes

detention of a noncitizen pending removal proceedings and entitles the noncitizen to a bond

hearing.  *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations

provide that aliens detained under § 1226(a) receive bond hearings at the outset of

detention." (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1))).

Liberally construed,[5] Petitioner alleges his continued detention is unlawful and

violates the INA where he was not given a meaningful opportunity to challenge his

detention.  Pet. at 6.  Petitioner alleges he was previously detained by ICE and released on

his own recognition and his re-detention should be governed by § 1226(a).  Pet. at 2, 6.

---

[5] Although Petitioner is now represented by counsel, he filed his Petition pro se, so the undersigned applies a liberal construction standard.  *See, e.g.*, *Leslie v. Goldman Sachs Grp., Inc.*, No. 22-CV-03211, 2023 WL 6192717, at *1 (N.D. Ga. Mar. 17, 2023) (applying the liberal construction standard where "the operative complaint is a *pro se* one," even though "counsel subsequently entered a notice of appearance" (citation modified)); *Lucero v. CoreCivic NW N.M. Corr. Facility*, No. 19-cv-00363, 2020 WL 94798, at *1 (D.N.M. Jan. 8, 2020) (same); *Jackson v. Roche*, Nos. 7:04-CV-0133 & 7:02-CV-0111-R, 2008 WL 2579677, at *4 (N.D. Tex. June 27, 2008) (same).  *But see Gooding v. Gonzales*, No. 3:10CV33, 2011 WL 841261, at *1 n.1 (W.D. Va. Mar. 7, 2011) (declining to apply a liberal construction standard where a plaintiff filed a pro se complaint, plaintiff's counsel later entered an appearance, and counsel "had the opportunity to review the pleadings on behalf of the Plaintiff and the opportunity to request permission to amend as necessary").

Respondents, however, maintain Petitioner is properly detained under § 1225(b)(2)(A), but acknowledge that this Court has held differently.  Resp. at 1-2.

The Tenth Circuit recently rejected the statutory interpretation of § 1225(b)(2) as urged by Respondents and applied § 1226(a) to govern detention of noncitizens like Petitioner who are found in the country.  *Santillan Quiroz v. Mullin*, --- F.4th ----, No. 26-6019, 2026 WL 1876709, at *4-17 (10th Cir. June 30, 2026).  In *Santillan Quiroz*, the Tenth Circuit concluded "those who entered the United States without admission and who have lived here since are categorically unable to seek admission while they remain in the country."  *Id.* at *7 (citation modified).  Accordingly, "noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)."  *Id.* at *5.  Therefore, based on Tenth Circuit precedent and this Court's prior reasoning in *Coreas v. Noem*, No. CIV-26-151-J, 2026 WL 541151, at *2 (W.D. Okla. Feb. 26, 2026), the undersigned recommends the Court apply § 1226(a) to govern Petitioner's current detention.  *See Imami v. Lyons*, No. CIV-26-566-J, 2026 WL 1896142, at *1-2 (W.D. Okla. July 1, 2026) (holding in accordance with *Santillan Quiroz* that a similarly situated petitioner is entitled to a bond hearing under § 1226(a)).[6]

---

[6] This conclusion is also in accord with persuasive authority in the Second, Sixth, and Eleventh Circuits, which rejected Respondents' statutory interpretation of § 1225(b)(2).  *See Lopez-Campos v. Raycraft*, 175 F.4th 713, 722 (6th Cir. 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258, 1285 (11th Cir. 2026); *Cunha v. Freden*, 175 F.4th 61, 69 (2d Cir. 2026).  In contrast, the Fifth and Eighth Circuits recently applied § 1225 to similar habeas challenges, agreeing with Respondents' position.  *Avila v. Bondi*, 170 F.4th 1128, 1134-38 (8th Cir. 2026); *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498,

Further, Petitioner's application for asylum does not change the analysis or render him "seeking admission" and thereby subject to § 1225(b)(2)(A). *Santillan Quiroz*, 2026 WL 1876709, at *6 (holding a noncitizen "cannot make a present request for permission to enter the United States, lawfully or otherwise, once he or she has already entered" and "the only time a noncitizen can be said to be seeking admission is when he is seeking to enter the United States at the border" (citation modified)).

**B.      Petitioner's warrantless arrest violated the INA, and the proper remedy is release.**

Under § 1226(a), a noncitizen may only be arrested and detained "on a warrant issued by the Attorney General." 8 U.S.C. § 1226(a) (citation modified). Petitioner alleges his immigration detention is unlawful and without justification because he was not arrested pursuant to a warrant. Pet. at 6. Respondents allege "a warrant was also done" at the time Petitioner was arrested. Resp. at 5 n.6. However, they have not provided the Court with a copy of this warrant. Nor do Respondents substantively address Petitioner's claim that his arrest was unlawful because it was not performed pursuant to a warrant.

"Issuance of a warrant is a necessary condition to justify discretionary detention under section 1226(a). It follows that absent a warrant a noncitizen may not be arrested and detained under section 1226(a)." *Sergio P. v. Bondi*, No. 26-CV-1538, 2026 WL 497290, at *2 (D. Minn. Feb. 23, 2026) (citation modified). Here, there is no concrete evidence in the record of a properly issued warrant for Petitioner's arrest. While

---

502-08 (5th Cir. 2026). Respondents have filed a cert petition to the Supreme Court. *See* Cert. Pet., *Raycraft v. Lopez-Campos*, No. 25-1415 (filed June 22, 2026).

Respondents contend such a warrant exists, Doc. 8 at 5 n.6, they have not provided a copy of it to the Court. Without evidence in the record, Respondents cannot rebut Petitioner's allegation that he was detained without a warrant. *See Owdetallah v. Bondi*, No. CIV-25-1546-SLP, 2026 WL 483648, at *4 (W.D. Okla. Feb. 20, 2026) (holding that where "supporting facts were necessarily in ICE's possession at the time of re-detention and remain within its control," the government should produce "documentation" of those facts); *cf. Sajbochol v. Figueroa*, No. CIV-26-193-J, Order, Doc. 14 at 3 (W.D. Okla. Apr. 16, 2026) (declining to adopt recommendation that noncitizen detainee be released where the government included the warrant with its objections to the Magistrate Judge's Report and Recommendation).

Without concrete evidence of any warrant in the record, the undersigned concludes Petitioner was improperly detained pursuant to § 1226(a) without a warrant, and his detention was unlawful from the moment it began. Accordingly, the Court should grant Petitioner immediate release, subject to any appropriate order of supervision. *See, e.g.*, *Aguilar-Huanga v. Figueroa*, No. CIV-26-115-J, 2026 WL 821474, at *3 (W.D. Okla. Mar. 25, 2026) (ordering immediate release "subject to an appropriate Order of Supervision" for a noncitizen who had been detained under § 1226(a) where his "arrest was warrantless"); *Singh v. Bondi*, No. CIV-26-43-J, 2026 WL 483651, at *12 (W.D. Okla. Feb. 12, 2026) (recommending immediate release for a noncitizen detained under § 1226(a) where no warrant was issued for his arrest), *adopted*, 2026 WL 483482 (W.D. Okla. Feb. 20, 2026).

Other courts outside this District have similarly ruled. *See, e.g.*, *Canedo-Luna v. Valdez*, No. 26-CV-02094, 2026 WL 1753563, at *4 (D. Colo. June 18, 2026) (citing this

8

Court's order in *Singh* and ordering immediate release under § 1226(a) for a similarly situated petitioner who "clearly alleges circumstances surrounding her arrest, which render the existence of a warrant highly unlikely," and "Respondents have not controverted any of these allegations"); *Djiwaje v. Bondi*, No. 26-CV-00344, 2026 WL 926753, at *3 (D. Nev. Apr. 6, 2026) (citing this Court's order in *Singh* and ordering immediate release after finding no lawful administrative warrant had been issued for petitioner's arrest under § 1226(a)); *Laura E.P.G. v. Bondi*, No. 26-560, 2026 WL 242266, at *1 (D. Minn. Jan. 29, 2026) ("Where, as here, (1) Respondents erroneously assert that a detainee is being held pursuant to § 1225(b)(2); and (2) Respondents have not produced a warrant, as is required to effectuate an arrest pursuant to § 1226(a) . . . the appropriate remedy is release from custody."); *Chogllo Chafla v. Scott*, 804 F. Supp. 3d 247, 264 (D. Me. Sep. 21, 2025) ("To put it simply, Petitioners' detentions are improper because there is no evidence in the record that they were arrested pursuant to a warrant. Since the Government did not comply with the plain language of section 1226(a), their immediate release is justified.").

C.    **The Court should decline to address Petitioner's remaining claims.**

Petitioner also alleges he has not had an opportunity to challenge his detention in violation of his due process rights, the APA, and ICE regulations.  Pet. at 6.  If the Court adopts the undersigned's recommendation and orders Petitioner's release because he was not arrested pursuant to a warrant, the Court should decline to decide the merits of Petitioner's remaining claims based on his continued detention.  *See, e.g.*, *Valdez,* 2025 WL 3709021, at *3 n.2 (declining to decide the merits of a petitioner's due process claim when granting a bond hearing pursuant to § 1226(a)).

9

At most, Petitioner's due process claims based on his continued detention entitle him to a bond hearing pursuant to § 1226(a) at which he will bear the burden of proof. *See Imami*, 2026 WL 1896142, at \*1 (holding by this Court that § 1226(a) entitles a noncitizen to a bond hearing); *Zhakhonov v. Grant*, No. CIV-26-350-J, 2026 WL 1865418, at \*3 (W.D. Okla. June 29, 2026) (holding it is unnecessary to reach a due process claim for a petitioner when "the proper remedy is an individualized bond hearing" under § 1226(a)) (citation modified); *see also Singh v. Grant*, No. CIV-26-279-J, 2026 WL 1035100, at \*1-2 (W.D. Okla. Apr. 16, 2026) (declining to reach petitioner's due process claims and concluding burden shifting to the government in a § 1226(a) bond hearing is premature and not ripe for adjudication before a bond hearing has been conducted).

Further, Petitioner's APA claims "necessarily imply the invalidity of [his] confinement" and "fall within the core of the writ of habeas corpus and thus must be brought in habeas," *Trump v. J.G.G.*, 604 U.S. 670, 672 (2025) (citation modified). *See also id.* at 674 ("Given 5 U.S.C. § 704, which states that claims under the APA are not available when there is another 'adequate remedy in a court,' I agree with the Court that habeas corpus, not the APA, is the proper vehicle here.") (citation modified) (Kavanaugh, J. concurring); *Soberanes*, 388 F.3d at 1310 ("Challenges to immigration detention are properly brought directly through habeas." (citing *Zadvydas*, 533 U.S. at 687)). Accordingly, Petitioner is not entitled to APA relief.

Finally, to the extent Petitioner alleges Respondents violated 8 C.F.R. §§ 241.4 and 241.13 by not providing him an interview or opportunity to respond to the reasons for re-detention, those regulations govern detention of noncitizens subject to a final order of

10

removal and beyond the removal period.  Petitioner, though, has a pending appeal with his immigration proceedings and is not yet subject to a final order of removal.  *See Kumar v. Mullin*, 2026 WL 1139601, at \*2 (D. Colo. Apr. 24, 2026) ("The release and revocation of release of noncitizens subject to a final order of removal are governed by 8 C.F.R. §§ 241.4 and 241.13." (citation modified)).

**V.      Recommendation and Notice of Right to Object**

For the foregoing reasons, the undersigned recommends that the Court **GRANT in part** the Petition for habeas relief by ordering Respondents to release Petitioner immediately, subject to an appropriate order of supervision.  The parties are advised of their right to object to this Report and Recommendation.  *See* 28 U.S.C. § 636.  Any objection must be filed not later than **August 3, 2026**.  *See id.* § 636(b)(1); Fed. R. Civ. P. 72(b)(2).  Failure to object timely waives the right to appellate review of the factual and legal issues addressed in this Report and Recommendation.  *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 27th day of July, 2026.

_____
CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE

11